BYE, Circuit Judge,
concurring in the result.
I believe Metropolitan’s Rule 26(a)(1) disclosures provided the insurers with notice of a potentially covered claim and triggered a duty to defend Weitz. See Kirk King, King Constr., Inc. v. Continental W. Ins. Co., 123 S.W.3d 259, 264 (Mo.Ct.App.2003) (indicating the duty to defend may later devolve upon the insurer, even when the initial pleadings do not contain a potentially covered claim, “where known or reasonably ascertainable facts become available that show coverage.”) (quoting John Alan Appleman, 7C Insurance Law and Practice § 4684.01 (1979 ed.)). Metropolitan disclosed claims against Weitz arising from the “water infiltration in units along the west side of the South Building,” and claimed $387,577 in damages. This water infiltration claim satisfied the respective policies’ definitions of an occurrence because it was an event which happened by chance or fortuitously, without intention or design, and was unexpected, unusual, or unforeseen. See, e.g., Missouri Terrazzo Co. v. Iowa Nat’l Mut. Ins. Co., 566 F.Supp. 546, 552 (E.D.Mo.1983). The presence of the water infiltration claim among Metropolitan’s claims against Weitz triggered coverage even if Metropolitan labeled the claim a breach of contract claim. See Koch Eng’g Co. v. Gibralter Cas. Co., 78 F.3d 1291, 1293-94 (8th Cir.1996) (generally recognizing the facts of the dispute, not the labels given to the dispute by the parties, control whether a duty to defend exists); Amerisure Mut. Ins. Co. v. Paric Corp., No. 4:04CV430-DJS, 2005 WL 2708873 at *5 (E.D.Mo. Oct. 21, 2005) (same).
Despite my disagreement with the majority on whether Metropolitan’s Rule 26(a)(1) disclosures included a potentially covered claim and triggered a duty to defend Weitz, I nonetheless concur in the result. As the majority noted, the insurers have already reimbursed Weitz for all of its attorney fees and expense costs associated with defending the claims involving Horizon’s work. Thus, for the reasons expressed in the final paragraph of Section II of the majority’s opinion, I join in affirming the judgment of the district court.